**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00188-MR
[Criminal Case Nos. 1:03-cr-00088-MR,
1:03-cr-00089-MR, 1:04-cr-00018-MR]**

| | |
|---|---|
| **JONATHAN LEE SHULL,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **MEMORANDUM OF** |
| **vs.** ) | **DECISION AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate,

Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I.    PROCEDURAL HISTORY

On December 31, 2003, Petitioner pled guilty pursuant to a written

plea agreement to two separate charges of bank robbery, in violation of 18

U.S.C. § 2113(a).  [Criminal Case No. 1:03-cr-00088-MR-1, Doc. 16: Plea

Agreement; Doc. 19: Entry and Acceptance of Guilty Plea; Criminal Case

No. 1:03-cr-00089-MR-1, Doc. 18: Plea Agreement; Doc. 21: Entry and

Acceptance of Guilty Plea].  The bank robbery in Case No. 1:03-cr-00088-

MR-1 occurred on July 19, 2002, in Polkville, North Carolina, and the bank

robbery in Case No. 1:03-cr-00089-MR-1 occurred on September 8, 2003, in Candler, North Carolina.  On March 10, 2004, Petitioner entered a straight-up guilty plea to a separate bank robbery which occurred in Lenoir City, Tennessee, in Criminal Case No. 1:04-cr-00018-MR.  [Criminal Case No. 1:04-cr-00018-MR: Doc. 6: Entry and Acceptance of Guilty Plea].  On September 1, 2004, this Court sentenced Petitioner to 293 months' imprisonment on the bank robbery conviction in Case No. 1:04-cr-00018-MR, and to 240 months' imprisonment on the bank robbery conviction in Case Nos. 1:03-cr-00088-MR and 1:03-cr-00089-MR, with the sentences to be served concurrently.  [Criminal Case No. 1:03-cr-00088-MR-1, Doc. 27: Judgment].  Petitioner appealed, and on March 13, 2006, the Fourth Circuit Court of Appeals vacated and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005).

On June 12, 2006, this Court again sentenced Petitioner to 293 months' imprisonment on the bank robbery conviction in Case No. 1:04-cr-00018-MR, and to 240 months' imprisonment on the bank robbery conviction in Case Nos. 1:03-cr-00088-MR and 1:03-cr-00089-MR, with the sentences to be served concurrently.  [Criminal Case No. 1:03-cr-00088-MR, Doc. 30: Amended Judgment].  Petitioner appealed and on July 12, 2007, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction

and sentence in an unpublished opinion.  United States v. Shull, 232 F. App'x 367 (4th Cir. 2007).  The Supreme Court denied Petitioner's petition for writ of certiorari on November 13, 2007.  Shull v. United States, 552 U.S. 1030 (2007).

On April 8, 2008, Petitioner filed a motion to vacate his conviction and sentence for the Tennessee bank robbery.  [Criminal Case No. 1:04-cr-00018-MR, Doc. 33].[1]  On February 19, 2009, the Court denied Petitioner's motion to vacate.  [Id., Doc. 38].[2]

Petitioner dated the instant motion to vacate July 11, 2014, and it was stamp-filed in this Court on July 23, 2014.  In the motion to vacate, Petitioner contends that his 293-month sentence is unconstitutional in light of the U.S. Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).[3]

---

[1] Due to a docketing error, this motion to vacate was filed in only one of the criminal cases which had been consolidated for judgment.

[2] Petitioner filed a motion to reopen and to reconsider his Section 2255 proceeding on June 2, 2014.  [Civil Case No. 1:08-cv-00141-MR, Doc. 17].  That motion was denied as a successive petition on August 8, 2014.  [Id., Doc. 18].

[3] At the same time that Petitioner filed the present petition, he filed a motion with the Fourth Circuit Court of Appeals seeking permission under 28 U.S.C. § 2244 to file a successive petition.  [See Criminal Case No. 1:03-cr-00088-MR, Doc. 34].  Because that Section 2244 motion was filed only in Criminal Case No. 1:03-cr-00088-MR, and did not reference Criminal Case No. 1:04-cr-00018 (the case in which Petitioner's first motion to vacate was filed), the Fourth Circuit denied Petitioner's request to file a successive petition as moot.  [Id.].

## II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

As noted, this is the second motion to vacate challenging Petitioner's 293-month sentence in Case No. 1:04-cr-00018-MR.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2255.

Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive

petition.  See also 28 U.S.C. § 2255(h) ("[a] second or successive motion

must be certified as provided in section 2244 by a panel of the appropriate

court of appeals.").  Accordingly, Petitioner's successive petition must be

dismissed.[4]  See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that

failure of petitioner to obtain authorization to file a "second or successive"

petition deprived the district court of jurisdiction to consider the second or

successive petition "in the first place").

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate will be

dismissed as a successive Section 2255 petition.

The Court finds that Petitioner has not made a substantial showing of

a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see

also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy §

2253(c), a "petitioner must demonstrate that reasonable jurists would find

---

[4]   Moreover, Alleyne does not apply to Petitioner because Petitioner was not subject to
a mandatory minimum sentence based on any finding of fact by this Court, as opposed
to a jury.  Petitioner argues that Alleyne was violated because he contends that his
sentence was enhanced by this Court's finding that Petitioner brandished a firearm
during the Tennessee bank robbery, but he notes that he never admitted that he used
or brandished a firearm during any of the bank robberies.  Here, however, Petitioner
was not convicted of brandishing a firearm during and in relation to a crime of violence
under 18 U.S.C. § 924(c)(1)(A)(ii), which would have subjected him to a mandatory
minimum sentence of seven years.  Rather, his sentence was enhanced based on the
Court's finding by a preponderance of the evidence that Petitioner had displayed and
pointed a gun at the teller in the Tennessee bank robbery, warranting a six-level
enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(B) (2003).

the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, [Doc. 1] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 18, 2014

Martin Reidinger
United States District Judge

7